**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE HERNANDEZ JASSO, | No.   15-71038 |
| Petitioner, | Agency No. A017-178-699 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an
Immigration Judge's Decision

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Jose Hernandez Jasso, a native and citizen of Mexico, petitions for review of

the immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he

did not have a reasonable fear of persecution or torture and thus is not entitled to

relief from his reinstated removal order.  We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review for substantial evidence the agency's factual findings,

*Andrade-Garcia v. Lynch*, No. 13-74115, 2016 WL 3924013, at *4 (9th Cir. July 7,

2016), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Hernandez Jasso failed

to establish a reasonable possibility of persecution on account of a protected

ground, *see* 8 C.F.R. § 1208.31(c), because the evidence demonstrates the

criminals targeted Hernandez Jasso for money and he fears future targeting by

unknown criminals, which does not support a finding for persecution on account of

a protected ground, *see Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir.

2009) (the REAL ID Act "requires that a protected ground represent 'one central

reason' for an asylum applicant's persecution").  We reject Hernandez Jasso's

contention that the IJ applied an incorrect legal standard.

Substantial evidence also supports the IJ's determination that Hernandez

Jasso failed to establish a reasonable possibility that he would be tortured by the

government of Mexico or with its consent or acquiescence.  *See* 8 C.F.R.

§ 1208.31(c); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**